Filed 9/9/21  P. v. Bautista CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308925 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA040194) |
| v. | |
| CHRISTOPHER BAUTISTA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Los Angeles Superior Court, Kathryn A. Solorzano, Judge.  Affirmed.

Robert D. Bacon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Christopher Bautista (defendant) argues that the trial court erred in denying his petition for resentencing under Penal Code section 1170.95.[1]  There was no error, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts

In the early morning hours of a Monday in April 2000, defendant and his fellow gang members approached a rival gang member getting home from work.  Unfortunately for them, the rival was an armed security guard wearing a bulletproof vest.  When defendant and his cohorts opened fire on their intended victim, he fired back and killed one of the cohorts.

### II.    Procedural Background

#### A.    *Underlying conviction, sentence and appeal*

The People charged defendant with (1) the murder of his cohort (as a consequence of defendant's provocative act of attacking the rival gang member) (§ 187, subd. (a)), and (2) the attempted premeditated murder of the rival gang member (§§ 187, 664, subd. (a)).  With respect to the murder charge, the People alleged that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) and that the crime was "committed for the benefit of, at the direction of, or in association with any criminal street gang" (§ 186.22, subd. (b)(1)(C)).  On the murder count, the jury was only

---

1    All further statutory references are to the Penal Code.

instructed on the provocative act theory.  As pertinent to this appeal, the jury found defendant guilty of second degree murder and found all allegations true.  On the murder count, the trial court imposed a sentence of 45 years to life, calculated as a base sentence of 15 years to life plus 20 years for the firearm enhancement plus 10 years for the gang enhancement.  On appeal, we affirmed the murder conviction but vacated the gang enhancement, and ordered the trial court to impose a sentence of 35 years to life.  (*People v. Bautista* (June 6, 2003, B156992) [nonpub. opn.].)

### B.     *Petition for resentencing*

In February 2019, defendant filed a form petition to vacate his second degree murder conviction under section 1170.95.  The trial court appointed counsel, and after full briefing held a hearing on the petition.  The trial court ruled that defendant had "failed to state a prima face case" for relief under section 1170.95 "as a matter of law" because "the only theory of liability" underlying his second degree murder conviction "was provocative act murder," which is outside the purview of section 1170.95.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his section 1170.95 petition.  Because our consideration of this argument involves questions of law and the application of that law to undisputed facts, our review is de novo.  (*Tsasu LLC v. U.S Bank Trust, N.A.* (2021) 62 Cal.App.5th 704, 715.)

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and

probable consequences doctrine," (2) he "was convicted of . . . second degree murder," and (3) he "could not be convicted of . . . second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that a person petitioning for relief under section 1170.95 is entitled to an evidentiary hearing only if he makes out a prima facie case for relief. (*Id.* at pp. 957, 961-962.) In assessing whether a prima facie case has been made, the trial court must take petitioner's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proved."'" (*Id.* at p. 971.) "'However, if the record, including the court's own documents [from the record of conviction] "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

Defendant has not made the requisite prima facie showing of entitlement to relief under section 1170.95. That is because the sole theory of liability presented to the jury by the instructions—and hence the sole theory of liability underlying the jury's guilty verdict—for defendant's second degree murder conviction is the provocative act doctrine. Under that doctrine, a

4

person is liable for murder if he "*maliciously* commits an act that is likely to result in death, and the [person's intended] victim kills [a third party] in reasonable response to that act." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655, italics added.) Because "[a] murder conviction under the provocative act doctrine thus requires proof that the defendant personally harbored the mental state of [implied] malice" (*ibid.*; *People v. Gilbert* (1965) 63 Cal.2d 690, 704 ["malice" required under the doctrine is "conscious disregard for life"], judg. vacated on other grounds in *Gilbert v. California* (1967) 388 U.S. 263; *People v. Smith* (2005) 37 Cal.4th 733, 747 ["conscious disregard for life" is "implied malice"]), the jury's guilty verdict (in conjunction with the jury instructions) constitutes a finding that defendant personally acted with malice, and thus could "still be convicted" of murder after January 2019. This is undoubtedly why every court to consider the issue has concluded that a trial court may deny a section 1170.95 petition for a murder conviction based on the provocative act doctrine without an evidentiary hearing. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 865-870; *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-616, review granted Feb. 17, 2021, S266262; *People v. Johnson* (2020) 57 Cal.App.5th 257, 266-268; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-264, review granted July 15, 2020, S262459.)

Defendant responds with what boils down to four arguments.

First, defendant argues that the theories of felony murder, murder as the natural and probable consequence of some lesser crime, and provocative act murder are "fraternal triplets," such that section 1170.95's grant of relief to persons convicted of murder under the first and second of these theories must

5

necessarily extend to persons convicted of murder under the third.  We reject this argument.  Although all three doctrines may share the same proverbial *father* (because each allows for the conviction of the person who was not the actual killer), they do not share the same proverbial *mother* (because the first two theories do not require proof that the defendant *personally* acted with malice, while the third theory—as explained above—does require proof that the defendant personally acted with malice). Because section 1170.95 was designed to afford relief to persons who did not personally act with malice, our Legislature's decision not to also afford relief to persons who did personally act with malice does not divide up a family that is related along the relevant axis.

Second, defendant argues that the case first recognizing the provocative act theory—*People v. Washington* (1965) 62 Cal.2d 777 (*Washington*)—as well as the maxim against statutory interpretations that lead to absurd consequences dictate the extension of section 1170.95 to persons convicted of provocative act murder.  More specifically, defendant argues that he should not be categorically denied relief under section 1170.95 just because his intended victim killed someone because (1) he would not have been categorically denied relief under section 1170.95 if *one of his cohorts* had instead been the actual killer, and (2) *Washington* counseled that "[a] rule of law cannot reasonably be based on . . . a fortuitous circumstance" (*Washington*, at p. 780), which parallels the maxim against absurd constructions of statutes (e.g., *People v. Munoz* (2019) 39 Cal.App.5th 738, 756). We reject this argument.  What distinguishes defendant's possible entitlement to relief under section 1170.95 in the two situations he contrasts is the legal theory upon which liability for

murder would rest in those two situations—and, critically, the *elements* of those theories: Where a defendant's *cohorts* kill someone and the defendant's liability for that killing rests upon the felony-murder doctrine, the defendant can be liable for that murder under that doctrine even if he personally did not harbor any malice; but where an intended victim kills someone, a defendant's liability for that killing necessarily rests on the provocative act theory, which, as noted above, requires proof that he personally acted with malice. Indeed, the "fortuity" lamented in *Washington* was whether a defendant should be excused from liability under the provocative act theory on the basis of whether the person killed was an innocent victim or instead one of the defendant's cohorts. (*Washington*, at p. 780.)

Third, defendant argues that other cases support the general maxim that courts can extend statutory relief to persons who do not fall within the literal language of the statute. For support, he cites *People v. Boatwright* (2019) 36 Cal.App.5th 848, 851, 855-856 [holding that statute granting relief to persons convicted of a crime extended to persons convicted as accessories to that crime, even though crime of being an accessory was not listed in the statute] and *People v. Bullard* (2020) 9 Cal.5th 94, 99-100 [holding that statute granting relief to persons convicted of vehicle theft extended to persons convicted of theft whether their intent was to permanently or temporarily deprive the owner of the vehicle]. We reject this argument. As explained above, the fact that courts will construe statutes to comport with legislative intent does not mean they should construe statutes in a manner that goes beyond that intent. With section 1170.95, our Legislature's intent was to grant relief to persons convicted of murder but who did not personally act with malice; extending

7

such relief to persons convicted of murder under a theory that does require proof of personal malice goes beyond this intent.

Lastly, defendant argues that the maxim favoring liberal interpretations of statutes requires us to construe section 1170.95 to reach murders committed under a provocative act theory. We reject this theory, as this maxim does not empower us to rewrite statutes, which is what we would have to do to adopt defendant's interpretation. (Accord, *Howard Jarvis Taxpayers Assn. v. City of San Diego* (1999) 72 Cal.App.4th 230, 236-238 ["Liberal construction cannot overcome . . . plain language"].)

**DISPOSITION**

We affirm the order denying relief under section 1170.95.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ

8